<div style="margin">ROBERTS
*vs*
ATWOOD & Co.

izens or County Court, consequently the county Court can transfer none to Perkins.</div>

<div style="margin">8m 209
97 773</div>

---

# Roberts *vs* Atwood & Co.

### ERROR TO THE MONTGOMERY CIRCUIT.

*Assignor and assignee. Diligence. New trial.*

JUDGE BRECK delivered the opinion of the Court.

ROBERTS assigned to Atwood & Co. a note on J. H. Moore for $135, which fell due on the 31st August,

ASSUMPSIT.

Case 54.

*January* 19.

Case stated.

1842. On the 28th May, 1842, Moore filed his petition for the benefit of the bankrupt law, and on the 16th September was declared a bankrupt, and afterwards obtained a discharge. The estate surrendered by him was very inconsiderable, and no dividend appears to have been declared among his creditors.

In August, 1845, this action of assumpsit was brought by James Atwood, John Atwood and John D. White, as partners trading under the firm of Atwood & Co., against the assignor, Roberts.

The declaration contained three counts, to each of which the defendant filed a demurrer, and also a plea of non-assumpsit. The demurrers were overruled, and a verdict and judgment having been rendered for the plaintiffs, the defendant has brought the case to this Court.

The most important question arising in the case, is whether the proceedings and discharge of Moore in bankruptcy were equivalent to due diligence by suit, and a failure to collect from him the assigned note? Or, in other words, whether they are sufficient evidence of his insolvency, and rendered unnecessary any effort on the part of the assignees to proceed by suit against him in order to secure the liability of the assignor?

The Circuit Judge instructed the jury in effect, that the record of the proceedings and discharge in bankruptcy was sufficient evidence of diligence and insolvency. And we are of opinion the instruction was substantially correct.

As soon as Moore was declared a bankrupt, which was only a few days after the maturity of the note, all his estate of every nature, passed by operation of law, to his assignee in bankruptcy. It was placed beyond the reach of his creditors, except through the decree of the District Court of the United States, having jurisdiction and control of the case. The bankrupt law was the paramount law of the land, in reference to the estates of persons who sought, and were found by the proper tribunals entitled to its benefit. As the proceeding in bankruptcy was pending when the note matured, suit upon it by the assignees, would have been utterly

unavailing, and cannot be regarded as necessary to entitle them to recourse upon their assignor. The question of the bankruptcy or insolvency of Moore, was judicially determined by a tribunal which had exclusive jurisdiction and control of the case at the time the note fell due, and the proceedings and decree of such tribunal are deemed competent evidence of that fact.

But we are of opinion the Court erred in overruling the motion for a new trial. The defendant having filed his plea of non-assumpsit, it was incumbent upon the plaintiffs to prove that they constituted the firm of Atwood & Co. Of that fact there was no testimony whatever, and upon that ground the motion for a new trial should have been sustained.

We are also inclined to the opinion that the demurrers to the declaration should have been sustained. In neither of the counts do the plaintiffs aver a promise on the part of the defendant. But we deem it unnecessary expressly to decide this point, as the judgment must be reversed upon other grounds, and the plaintiffs, upon the return of the cause, will be permitted to amend.

Wherefore, the judgment is reversed and the cause remanded, that a new trial may be granted and for further proceedings.

*French* and *Hazlerigg* for plaintiff; *Apperson* for defendants.

In a suit by a company and the plea of non-assumpsit by defendant, it is necessary for plaintiff to prove a joint assumpsit to themselves, & to do so it is necessary to prove who constituted the firm.