### ARTHUR, HAGGARD & COMPANY *v.* J. M. McARTHUR.

**Endorser's Discharge.**
 An endorser is discharged by the want of diligence to collect from
 the principal, and where it is sought to hold the endorser because
 of the insolvency of the principal as an excuse for the want of dili-
 gence, the law requires not only the insolvency of the maker, but
 that it shall be established by a certain character of evidence, and
 where the petition shows solvency on its face, or that the character
 of proof demanded cannot be produced, no cause of action is set
 forth.

**Diligence Required to Hold Endorser.**
 Notwithstanding the insolvency of the maker of a note it is still
 necessary for a plaintiff seeking to hold an endorser to show that he
 has used due diligence to collect the debt of him, for although insolv-
 ent he may not be without credit.

APPEAL FROM CAMPBELL CIRCUIT COURT.

October 3, 1879.

OPINION BY JUDGE HINES:

The amended petition, the filing of which the court refused, exhibits the fact that judgment was obtained against the maker of the notes on the 4th day of June, 1874, and that execution did not issued until the 8th day of March, 1875. The amended petition further alleges that the maker of the notes was hopelessly insolvent at the time the notes fell due, and has continued so ever since, and that on the 11th of April, 1875, he filed his petition to become a bankrupt.

Ordinarily no action can be maintained on assignment until the assignee has judgment, execution, and return of "no property." Among the exceptions may be mentioned the case of removal from the state of the maker after the assignment and before maturity, and the case of adjudication in bankruptcy a few days after the note falls due. *Roberts v. Atwood,* 8 B. Mon. 209; *Tucker v. Fogle,* 7 Bush 290; *Graves v. Tilford,* 2 Duv. 108; *Chambers v. Keene,* 1 Met. 289.

It is clear that the want of diligence as shown in the petition releases the assignor, unless the fact of insolvency of the maker relieves from the necessity of such diligence, as is required in ordinary cases. If the insolvency is not a sufficient excuse for delaying execution the court did not err in refusing to permit the amended petition to be filled, because it affirmatively shows that the proof necessary to establish insolvency, to-wit: diligent obtention of judgment, execution and return of nulla bona, cannot be produced. The law requires not only the insolvency of the maker, but that it shall be established by a certain character of evidence; and where the petition affirmatively shows solvency, or that the character of proof demanded cannot be produced, there is no cause of action set out.

In *Clair v. Barr,* 2 A. K. Marsh. 255, it is said: "But notwithstanding the insolvency of the maker of the note, it was still necessary for the plaintiff to show that he had used due diligence to collect the debt of him, for although he was without property, he might not have been without credit, and if due diligence had been used to collect the money of him, he might have made an arrangement to secure or satisfy the debt." *Trimble and Jarrett v. Webb and Taylor,* 1 T. B. Mon. 101.

Being no error prejudicial to the substantial rights of the appellant, the judgment is *affirmed*.

*Kline & McCarty, J. G. Carlisle, for appellants.*

*E. W. Hawkins, for appellee.*